# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| TANISHA GRAYER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:13CV553 SNLJ |
| | ) | |
| CHRIS KOSTER and | ) | |
| HERBERT L. BERNSEN, | ) | |
| | ) | |
| Respondents. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner, a pretrial detainee at St. Louis City Justice Center, has filed her petition on the grounds that (1) she was denied due process because the State of Missouri failed to follow appropriate procedures "by not having any endorsements on their complaint" and (2) "said witnesses did not pick [her] out of a lin up or a photo lineup, said witnesses pointed [her] out in court at the preliminary hearing when said prosecutor pointed at [her]." The petition will be summarily dismissed.

Under 28 U.S.C. § 2241(c)(3), the federal courts have jurisdiction over pretrial habeas petitions. *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir.1979). "Despite the existence of jurisdiction, however, federal courts are reluctant to grant pre-trial

habeas relief." *Id.* Only when "special circumstances" exist will a federal court find that a pretrial detainee has exhausted state remedies. *Id.* "In most cases courts will not consider claims that can be raised at trial and in subsequent state proceeding." *Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 860 (D. Wis. 1999). Courts have found that "special circumstances" existed where double jeopardy was at issue or where a speedy trial claim was raised. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 488 (1973) (speedy trial); *Blanck*, 48 F. Supp. 2d at 860 (double jeopardy).

The grounds raised by petitioner do not constitute the "special circumstances" required for a finding that she has exhausted her available state remedies. Petitioner's allegations are conclusory and do not contain any facts, which if proved, would demonstrate that she has been deprived of the right to a speedy trial or that she has been put in double jeopardy. Additionally, the claims raised by petitioner can be adequately raised at trial and in subsequent state proceedings. As a result, the Court will deny the petition.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 23rd day of April, 2013.

                                                                   _____
                                                                   STEPHEN N. LIMBAUGH, JR.
                                                                   UNITED STATES DISTRICT JUDGE